UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-96-RLV
(5:05-cr-28-RLV-1)

| | |
|---|---|
| KERRY SCOTT MARTIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Kerry Scott Martin's pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) Petitioner seeks relief from his 262-month sentence, arguing that he is entitled to relief under Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the Court is Respondent's Amended Motion to Dismiss. (Doc. No. 6.)

**I.  BACKGROUND**

On March 8, 2006, Petitioner pled guilty in this Court to conspiracy to possess with intent to distribute crack and powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession of a firearm by a felon, in violation 18 U.S.C. § 922(g)(1), pursuant to a written plea agreement with the Government. Entry and Acceptance of Guilty Plea, United States v. Martin, 5:05-cr-28-RLV-1 (W.D.N.C.), Doc. No. 33. In the parties' plea agreement, the Government agreed to move to dismiss the other counts in the indictment, including two counts of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1); possession of a stolen firearm, in violation of 18 U.S.C. § 922(j); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Revised Plea Agreement ¶2, id. at Doc.

1

No. 32.  In exchange for these concessions, Petitioner agreed to waive his right to challenge his conviction or sentence through an appeal or in a motion based on "28 U.S.C. § 2255, and similar authorities," except on the bases of ineffective assistance of counsel, prosecutorial misconduct, a sentencing determination inconsistent with the parties' stipulations, or an unanticipated issue that the district court certified to require appellate review.  Id. at ¶ 20.  Petitioner also acknowledged that if the Court determined that he was an armed career criminal under 18 U.S.C. § 924(e), he would face a statutory mandatory-minimum term of 15 years in prison for the felon-in-possession offense and a maximum of life in prison.  Id. at ¶ 4. Petitioner further stipulated and agreed that if the Court determined he was a career offender under Sentencing Guidelines § 4B1.1, that provision "may be used in determining [his] sentence."  Id. at ¶ 7(c).

The Court, Magistrate Judge David C Keesler presiding, conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11.  Entry and Acceptance of Guilty Plea, 5:05-cr-28-RLV-1, Doc. No. 33.  During the colloquy, Petitioner affirmed that he understood the charges to which he was pleading guilty and the maximum penalties he faced.  Id. at ¶¶ 8 9.  Petitioner also affirmed he was, in fact, guilty of the offenses to which he was pleading guilty, id. at ¶ 21, and he understood that if his sentence was more severe than he expected, he would still be bound by his plea and have no right to withdraw it, id. at ¶ 14.  Additionally, Petitioner affirmed that he understood that his right to challenge his conviction and/or sentence in a post-conviction proceeding had been "expressly waived" in his plea agreement.  Id. at ¶ 25.  At the conclusion of the hearing, the Court accepted Petitioner's guilty plea as knowingly and voluntarily entered.  Id. at p. 5.

At Petitioner's sentencing, the Court determined that Petitioner was an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and, therefore, subject to a mandatory-minimum term of 15 years imprisonment for the firearm offense.

Statement of Reasons 4, 5:05-cr-28-RLV-1, Doc. No. 45 (sealed). The Court noted, however, that because Petitioner was subject to a higher mandatory minimum as a career offender under U.S.S.G. § 4B1.1 for the drug-trafficking offense, the application of the 15-year mandatory minimum on the firearm offense would not affect his sentence. See id. The Court sentenced Petitioner to 262 months in prison for the drug-trafficking offense and to a concurrent 180 months in prison for the firearm offense. Revised Judgment, id. at Doc. 44.

Petitioner did not file a direct appeal, but on June 6, 2016, Petitioner filed the instant § 2255 Motion to Vacate. (Doc. No. 1.) The Government filed a Motion to Dismiss on September 12, 2016 (Doc. No. 5), and an Amended Motion to Dismiss on September 13, 2016 (Doc. No. 6). On October 7, 2016, this Court entered an order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Petitioner of his right to respond to the Government's Amended Motion and advising Petitioner that failure to respond may result in dismissal of his § 2255 Motion to Vacate without further notice. (Doc. No. 7.) The Court provided Petitioner 14 days from receipt of its Order to file a response. (Doc. No. 7.)

As of entrance of this Order, Petitioner has not responded to the Government's Amended Motion to Dismiss. The Court finds Petitioner has had more than sufficient time to do so and that this matter is ripe for review.

II.         **STANDARD OF REVIEW**

Rule 4(b) of the Rules Governing Section 2255 Proceedings for United States District Courts provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's Amended Motion, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case

law.  See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner contends that in light of Johnson, he no longer qualifies as an armed career criminal under § 924(e) (Pet. 4, Doc. No. 1) or a career offender under U.S.S.G. § 4B1.1 (Mem. in Support, Doc. No. 1-1), and that his sentences, therefore, must be reduced.  The Government moves to dismiss, asserting Petitioner has waived his right to raise these claims in a § 2255 motion.  (Doc. No. 6.)

In Johnson, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C. § 924(e), is unconstitutionally vague.  135 S. Ct. at 2558.  Under the ACCA, a defendant faces an enhanced sentence if he has three qualifying prior convictions for either a "violent felony" or a "serious drug offense."  § 924(e)(1).  The ACCA defines a "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B)(i)(ii) (emphasis added).  The italicized closing words of § 924(e)(2)(B)(ii) constitute the ACCA's residual clause.  See Johnson, 135 S. Ct. at 2556.  Thus, a defendant who was sentenced to a mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition of the ACCA is entitled to relief from his sentence.  Petitioner asserts that after Johnson, none of his prior convictions is a "violent felony" under the ACCA nor a "crime of violence," which is defined similarly, under U.S.S.G. § 4B1.1.

The Government contends that Petitioner's Johnson claims are subject to dismissal because he waived the right to bring them in his plea agreement.  The Court agrees.  It is well

4

established that "a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). And, there is "'no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in [a] plea agreement.'" Id. (quoting DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000) (brackets in original)).

Whether a waiver is knowing and voluntary is evaluated based on the totality of the circumstances. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012). Additionally, it is well settled that statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of a plea. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

Here, the record establishes that Petitioner knowingly and voluntarily waived his right to challenge his sentences in a post-conviction proceeding filed pursuant to § 2255 or "similar authorities," except on the bases of ineffective assistance of counsel, prosecutorial misconduct, a sentencing determination inconsistent with the parties' stipulations, or an unanticipated issue that the district court certified to require appellate review. Revised Plea Agreement ¶ 20, 5:05-cr-28-RLV-1, Doc. No. 32. This Court conducted a thorough and careful Rule 11 colloquy, during which Petitioner affirmed that he understood that he was waiving both his right to appeal his sentence and his right to challenge his conviction or sentence in a post-conviction proceeding, see Entry and Acceptance of Guilty Plea, id. at Doc. No. 33, and Petitioner does not argue that his plea was either unknowing or involuntary.

A waiver in a plea agreement is enforceable even if there is an intervening change in the

5

law.  See United States v. Copeland, 707 F.3d 522, 529 (4th Cir. 2013).  "A plea agreement, like any contract, allocates risk."  United States v. Johnson, 410 F.3d 137, 153 (4th Cir. 2005). "And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompan[ies] a guilty plea."  United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005).  The Fourth Circuit recognizes "limited circumstances [in which] 'a knowing and voluntary waiver of the right to appeal cannot prohibit [a] defendant from challenging a few narrowly-construed errors.'"  United States v. Archie, 771 F.3d 217, 223 (4th Cir. 2014) (quoting Johnson, 410 F.3d at 151).  The court has "declined to enforce a valid appeal waiver only where the sentencing court violated a fundamental constitutional or statutory right that was firmly established at the time of sentencing."  Archie, 771 F.3d at 223.  "In short, defendants cannot knowingly and voluntarily enter an appeal waiver, receive a sentence that fully complies with the law applicable at the time of sentencing, and then, when that law later changes, argue that the issue falls outside the binding scope of the waiver."  Id.

Petitioner has not identified any error on the part of the sentencing court that "violated a fundamental constitutional or statutory right that was firmly established at the time of sentencing."  Id.  Moreover, Petitioner's assertions that he no longer qualifies as an armed career criminal or a career offender are not based upon claims of ineffective assistance of counsel, prosecutorial misconduct, or a conflict between a finding of fact by this Court and the parties' stipulations of fact.  Petitioner acknowledged that he might be sentenced as a career offender in the parties' plea agreement but, nevertheless, waived his right to challenge that classification, except on grounds not alleged in his motion to vacate.  Revised Plea Agreement ¶ 7(c), id. at Doc. No. 32.  Therefore, his § 2255 Motion falls within the scope of his waiver[1] and shall be

---

[1] The Fourth Circuit has indicated that a defendant's waiver of his right to seek review of his sentence applies to challenges to the enhancement of his sentence under the ACCA, as long as the defendant was advised that he might face increased punishment under the Act and knowingly and voluntarily agreed to waive any right to challenge such

6

dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Respondent's Amended Motion to Dismiss (Doc. No. 6) is **GRANTED**;

2. Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED**; and

3. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: February 13, 2017

Richard L. Voorhees
United States District Judge

---

increased sentence on the basis he argues on appeal. See e.g., United States v. Haskins, 198 F. App'x 280, 281 (4th Cir. 2006) (unpublished) (dismissing defendant's appeal of his sentence based on appeal waiver, where defendant argued that the district court erred when it enhanced his sentence under the ACCA and where the defendant "concede[d] he was informed of the penalties that could be imposed as a result of his guilty plea, including the effect of an enhancement under the ACCA"); see also United States v. Berry, 446 F. App'x 661, 662 (4th Cir. 2011) (unpublished) (dismissing appeal of defendant's sentence based on appeal waiver, where defendant "challenge[d] the district court's decision to sentence him as an armed career criminal under the [ACCA]); United States v. Walker, 321 F. App'x 281, 282 (4th Cir. 2009) (unpublished) (dismissing appeal of defendant's sentence based on appeal waiver, where defendant argued that the district court improperly classified him as an armed career criminal).